FILED

OCT 09 2019

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 19-313 |
| ERIK MATTHEW HARRIS | [UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Chad R. Parks, Special Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a six-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1-3 | Possession of a Firearm by an Unlawful User of a Controlled Substance<br>February 25, 2019 (Count 1)<br>March 8, 2019 (Count 2)<br>March 14, 2019 (Count 3) | 18 U.S.C. § 922(g)(3) |
| 4-6 | Falsification of Firearms Purchase Form<br>February 25, 2019 (Count 4)<br>March 8, 2019 (Count 5)<br>March 14, 2019 (Count 6) | 18 U.S.C. § 922(a)(6) |

### II. ELEMENTS OF THE OFFENSE

**A.    As to Counts 1-3:**

In order for the crime of Possession of a Firearm by an Unlawful User of a Controlled Substance, in violation of Title 18 U.S.C. § 922(g)(3), to be established, the government

must prove all of the following essential elements beyond a reasonable doubt:

1. On or about the date alleged in the Indictment, the defendant knowingly possessed one or more of the firearms listed in the Indictment.

2. That the defendant was at the time of possession of the firearm(s), either an illegal user of, or addicted to a controlled substance, and that he knew of this fact.

3. That the firearm(s) was or were possessed in or affecting interstate commerce.

**B.     As to Counts 4-6:**

In order for the crime of Falsification of Firearms Purchase Form, in violation of 18 U.S.C. § 922(a)(6), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the seller named in the count was a licensed dealer;

2. That the defendant made a false statement while acquiring a firearm from the seller named in the count;

3. That the defendant knew that the statement was false; and

4. That the false statement was intended or likely to deceive the seller named in the count with respect to any fact material to the lawfulness of the sale of the firearm.

### III. PENALTIES

**A.     As to Counts 1-3: Possession of a Firearm by an Unlawful User of a Controlled Substance (18 U.S.C. § 922(g)(3)):**

1. A term of imprisonment of not more than ten (10) years. However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment;

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3));

   3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583); and

   4. Any or all of the above.

  B. **As to Counts 4-6:   Falsification of Firearms Purchase Form (18 U.S.C. § 922(a)(6)):**

   1. A term of imprisonment of not more than ten (10) years;

   2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3));

   3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583); and

   4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## VI. FORFEITURE

Any firearms or ammunition contained therein, listed in the Indictment Counts One through Six.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*s/ Chad R. Parks*
CHAD R. PARKS
Special Assistant U.S. Attorney
PA ID No. 94647