IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| V. | )   Criminal No.  19-313 |
| | ) |
| ERIK MATTHEW HARRIS, | ) |
| Defendant. | ) |

### Opinion and Order on Pretrial Motions

Presently before the Court are Defendant Erik Matthew Harris's Motion to Produce Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609, ECF No. 62, and Motion to Preserve Law Enforcement's Rough Notes, ECF No. 63.

### Motion to Produce Rule 404(b) and 609 Evidence

Mr. Harris requests notice from the government of any alleged prior bad acts and criminal convictions the government intends to enter into evidence, or to use to impeach Mr. Harris, under Federal Rules of Evidence 404(b) and 609.

Federal Rule of Evidence 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  However, such evidence of prior bad acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  Rule 404(b)'s notice requirements, which were amended effective December 1, 2020, [1] provide as follows:

---

[1] Federal Rule of Evidence 404(b) was amended effective December 1, 2020.  According to the Committee Note, and as set forth above, the amendment principally imposes additional notice requirements on the prosecution.  The amendment also eliminated the requirement that the defendant must make a request before notice is provided.

> **(3) Notice in a Criminal Case**.  In a criminal case the prosecutor must:
> **(A)** provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
> **(B)** articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
> **(C)** do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3).  What constitutes "reasonable notice" depends on "the circumstances and complexity of the prosecution."  United States v. Johnson, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016).  In general, courts have found that what constitutes "reasonable notice" under Rule 404(b) is in the range of seven to ten days or one to two weeks prior to trial.  United States v. Long-Parham, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016); United States v. Buckner, 2020 U.S. Dist. LEXIS 5485, at *14–15 (M.D. Pa. Jan. 13, 2020).

In its Response, the government responds that it will comply with Rule 404(b)'s notice and will provide any 404(b) information it intends to introduce at trial no later than seven to ten days prior to trial.  Federal Rule of Evidence 609 concerns the impeachment of a witness by use of a prior criminal conviction.  The government does not specifically respond to the request for Rule 609 evidence, but since the Rule concerns prior criminal convictions, it is reasonable to assume that the government intends to provide such material, if any, in time for the defense to evaluate and challenge such evidence.

---

Amended Rule 404(b) governs all proceedings commenced December 1, 2020 and thereafter, and insofar as just and practicable, to pending proceedings.  The Court finds that it is just and practicable to apply amended Rule 404(b) to cases, like the instant case, in a pretrial posture where a trial date has not been set.

The Court declines to order the government to provide Rule 404(b) or 609 evidence at this early stage. Trial in this matter has not been set. The government is encouraged to provide its Rule 404(b) evidence fourteen days in advance of trial so that any hearing on such evidence may be held in order to limit the possibility of delay. Similarly, the government is encouraged to provide its Rule 609 evidence fourteen days in advance of trial to permit the defense adequate time to challenge such evidence and to prepare for trial.

Accordingly, Mr. Harris's Motion for Rule 404(b) and Rule 609, ECF No. 62, is DENIED, as premature.

### Motion to Preserve Rough Notes

Mr. Harris requests that the Court order that all government agents and state and local law enforcement officers who participated in the investigation of this case retain and preserve their rough notes. Mr. Harris also requests production of such notes in advance of trial. The government states that it has advised the law enforcement officers involved in the investigation of this case to preserve their rough notes. The government also states that it will produce rough notes that consist of Brady material without undue delay and will produce rough notes that are Jencks material consistent with the Jencks Act.

Independent of the government's direction to its officers to retain such material, the United States Court of Appeals for the Third Circuit requires the government to retain rough notes and writings In United States v. Vella, 562 F.2d 275 (1977) the Court of Appeals held that "rough interview notes of [law enforcement officers] should be kept and produced so that the trial court can determine whether the notes should be made available to the defendant under the rule in Brady v. Maryland, 373 U.S. 83 (1963), or the Jencks Act." Id. at 276. In United States

3

v. Ammar, 714 F.2d 238 (3d Cir. 1983), the Court of Appeals expanded the category of what must be retained to include rough reports; holding that "the government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination whether they should be produced." Id. at 259.  In Ammar, the Court acknowledged that a rough draft is not necessarily a Jencks Act statement until it is refined to the point where a finding can be made that the witness has "adopted or approved" the rough draft as a statement, such as where a law enforcement official presents a handwritten draft to a supervisor.  Id.  Mr. Harris's request for an Order directing the government to retain rough notes relating to law enforcement officer's investigation in this case will be granted.

The Motion will be denied, as premature, with respect to Mr. Harris's request that the Court order the government to produce all rough notes at a specified time prior to trial.  Mr. Harris is entitled to the production of rough notes that fall within the purview of Brady, Giglio v. United States, 405 U.S. 150 (1972), or the Jencks Act.  The government has indicated that it is aware of its obligations to produce rough notes to the extent such falls within the purview of Brady exculpatory material.  The Court concludes that it is premature to produce Giglio impeachment material as such early disclosure may endanger the witnesses.  The government shall provide rough notes that are Giglio impeachment material in sufficient time for defense counsel to make effective use of the material at trial (while not prematurely identifying a government witness).  To the extent any rough notes fall within the Jencks Act, the government is encouraged to produce such material in sufficient time for its effective use at trial so that it will not result in a delay of the trial, or delay during the trial.  .

Accordingly, Mr. Harris's Motion to Preserve Law Enforcement's Rough Notes, ECF No. 63, is GRANTED as to the preservation of rough notes. The government is ordered to preserve rough notes consistent with this Opinion and its obligations under <u>Vella</u> and <u>Ammar</u>. The Motion is DENIED, as premature, as to the production of any rough notes not deemed <u>Brady</u> material.

Dated: <u>May 7, 2021</u>

By the Court:

*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge